UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CURTIS LAVSON MITCHELL | CIVIL ACTION |
| VERSUS | NO. 26-712 |
| LOUISIANA STATE | SECTION "H" (2) |

**REPORT AND RECOMMENDATION**

On April 3, 2026, Plaintiff Curtis Lavson Mitchell sought to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2026 state court conviction. ECF Nos. 1, 7. On August 3, 2026, petitioner filed a Letter to the Court, titled an "Affidavit of Truth," in which he states that he is a natural living man that is indigenous to America and, therefore, the state trial court lacks subject matter jurisdiction over the criminal matters for which he was convicted. ECF No. 20 at 2. Mitchell requests his immediate release from Jefferson Parish Correctional Center. *Id*. at 4. Broadly construing the letter, Mitchell appears to request immediate injunctive relief (i.e., release from custody) pending resolution of his pending habeas proceeding.

## I. APPLICABLE LAW

### A. The Court's Authority to Release Pending Determination of Habeas Proceeding

Despite the lack of specific statutory authorization, federal district courts have inherent power and jurisdiction to release prisoners, including state prisoners, on bail pending determination of a federal habeas corpus petition.[1] In order to show entitlement to release pending determination of a habeas petition, a state prisoner must show he has (1) raised substantial constitutional claims upon which he has a high probability of success, and (2) extraordinary and exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.[2] Extraordinary

[1] *See In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam). In *Wainright*, the Fifth Circuit Court of Appeals "observe[d] without deciding that it is probably within the power of a United States magistrate [judge] to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action." *Id*. at n. 1 (citing 28 U.S.C. § 636(a)(1)).
[2] *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974); *see also Finch v. Lumpkin*, 819 F. App'x 279, 280 (5th Cir. 2020) (applying *Calley* standard to denial of bail pending determination of a state prisoner's § 2254 petition); *Hallcy v. Lumpkin*,

circumstances justifying release include "'serious deterioration of the petitioner's health while incarcerated'; where a short sentence for a relatively minor crime is 'so near completion that extraordinary action is essential to make collateral review truly effective'; and possibly where there has been an 'extraordinary delay in processing a habeas corpus petition.'"[3]

**B. <u>Injunctive Relief</u>**

Further, a request for immediate release pending a ruling on a habeas petition is essentially a request for immediate injunctive relief that mirrors the relief requested in the habeas.[4] To warrant the extraordinary remedy of injunctive relief, the movant must show: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[5] Preliminary relief should not "conclusively resolve legal disputes[,]" and thus a temporary restraining order is an inappropriate vehicle for granting ultimate relief.[6] A court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or temporary restraining order.[7]

## II. <u>ANALYSIS</u>

Initially, Mitchell has not satisfied the stringent standard for immediate injunctive relief. A preliminary review of the pleadings, including Mitchell's petition and respondent's answer, does not

No. 23-10473, 2023 WL 4351242, at *1 (5th Cir. July 5, 2023) (same); *Nelson v. Davis,* 739 F. App'x 254 (5th Cir. 2018) (same); *Beasley v. Stephens*, 623 F. App'x 192 (5th Cir. 2015) (same).

[3] *Nelson*, 739 F. App'x at 255 (quoting *Calley*, 496 F.2d at 702 n.1).

[4] *Ali v. LaSalle Corr. LLC*, No. 26-0364, 2026 WL 579945, at *2 (W.D. La. Mar. 2, 2026).

[5] *Ladd v. Livingston*, 777 F.3d at 286, 288 (5th Cir. 2015).

[6] *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025).

[7] *Ortega v. U.S. Immigr. & Customs Enf't*, No. 26-865, 2026 WL 776600, at *1 (W.D. La. Mar. 18, 2026) (explaining that courts must deny motions for TROs that "seek the same relief" as a pending habeas petition, because, otherwise, the motion for "immediate release would function as a form of accelerated review, circumventing the habeas process" (citation modified)); *Cano Alvarez v. S. La. ICE Processing Ctr.*, No. 26-0696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes.").

support a finding that Mitchell has demonstrated that he has raised a claim upon which he has a high probability of success. Further, regardless of the merits of his pending claims, Mitchell is not entitled to release because he fails to demonstrate the existence of exceptional circumstances.[8] Mitchell does not allege a serious deterioration of his health and cannot show that he is nearing completion of his sentence nor that there has been an extraordinary delay in processing his habeas application or anything analogous to these enumerated "extraordinary circumstances."

## III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Curtis Lavson Mitchell's request for immediate release, as outlined in his Letter to the Court (ECF No. 20) dated July 27, 2026, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[9]

New Orleans, Louisiana, this 6th day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[8] *U.S. v. Hill*, No. 25-20042, 2025 WL 1863182, at *2 (5th Cir. July 7, 2025) (citing *Calley*, 496 F.2d at 702 n.1).
[9] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).